431 F.Supp. 906 (1977)
In re ASBESTOS AND ASBESTOS INSULATION MATERIAL PRODUCTS LIABILITY LITIGATION.
No. 269.
Judicial Panel on Multidistrict Litigation.
April 7, 1977.
*907 Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL and ANDREW A. CAFFREY, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
This litigation consists of 103 actions pending in nineteen districts. The distribution of these actions is as follows:

Northern District of Ohio 23
Southern District of Texas 20
District of Connecticut 16
Eastern District of Texas 12
District of South Carolina 7
District of New Jersey 6
Southern District of Florida 4
Eastern District of Illinois 2
Eastern District of Michigan 2
District of Montana 2
Eastern District of Tennessee 1
Western District of Pennsylvania 1
Eastern District of Pennsylvania 1
Eastern District of Missouri 1
Eastern District of Louisiana 1
District of Rhode Island 1
Southern District of Indiana 1
District of Maryland 1
Southern District of West Virginia 1

The 103 actions have been brought by workers who were exposed to asbestos dust in the course of their employment, or by persons associated with those workers, either as co-workers or as members of the family. Many diverse types of vocational exposure are involved in these actions.[1] Plaintiffs in most of the actions are or were workers at plants which produce asbestos *908 products (the factory worker actions), or tradesmen who work with a variety of asbestos products (the tradesman actions). A majority of the tradesmen are installers of insulation products containing asbestos. Ninety-four of the actions are tradesman actions and nine of the actions are factory worker actions.
Six of the actions were brought as class actions on behalf of employees at three different plants that manufacture or once manufactured asbestos products. Three of the actions in the Eastern District of Texas were brought as class actions on behalf of employees at a PPG Industries plant in Tyler, Texas. Class certification has been denied in these three actions. The other three purported class actions are pending in the District of New Jersey, see note 1, supra. Two are brought on behalf of employees of Raybestos Manhattan, Inc. at a now defunct plant in Passaic, New Jersey. The other action is brought on behalf of employees at a Johns-Manville, Inc. plant in Manville, New Jersey. Class certification is still pending in the New Jersey actions.
There are a total of 80 defendants in the 103 actions. The majority of the defendants are manufacturers or distributors of various asbestos products. Johns-Manville is a defendant in 91 of the actions.[2] Seven other defendant corporations are named in more than 50 actions, seven others are named in more than 30 actions, and ten others are named in ten or more actions.
The complaints in the actions generally allege that the defendants wrongfully caused the plaintiffs to be exposed to asbestos dust and asbestos fibers over a period of time, as a result of which the plaintiffs have contracted or are in danger of contracting asbestosis, mesothelioma, or other disorders. Alleged liability is based on the principles of strict liability, negligence, and/or breach of warranties of merchantability and/or fitness. It is also alleged that the defendants knew or should have known of the dangers to persons exposed to asbestos products,[3] but that defendants failed to

 Actions
 District Involved Type of Vocational Exposure 
 3 One purported class action on behalf of employees
 of Johns-Manville plant in Manville, N.J.; two individual
 actions brought by workers at that plant
 1 Truck driver who delivered products produced at a
 Johns-Manville plant
---------------------------------------------------------------------------------------------------
D. South Carolina 7 Individual insulation workers
---------------------------------------------------------------------------------------------------
S.D. Florida 4 Individual insulation installers
---------------------------------------------------------------------------------------------------
E.D. Louisiana 1 Worker in plant manufacturing asbestos floor tile
---------------------------------------------------------------------------------------------------
E.D. Pennsylvania 1 Salesman of insulation products for Johns-Manville
---------------------------------------------------------------------------------------------------
W.D. Pennsylvania 1 Employee of distributor of insulation products
---------------------------------------------------------------------------------------------------
E.D. Michigan 1 Employee of distributor of insulation products
 1 Individual insulation worker
---------------------------------------------------------------------------------------------------
E.D. Missouri 1 Individual insulation worker
---------------------------------------------------------------------------------------------------
E.D. Tennessee 1 Individual insulation worker
---------------------------------------------------------------------------------------------------
E.D. Illinois 2 Individual insulation workers
---------------------------------------------------------------------------------------------------
D. Montana 2 Individual insulation workers
---------------------------------------------------------------------------------------------------
D. Rhode Island 1 Individual insulation worker
---------------------------------------------------------------------------------------------------
D. Maryland 1 Individual insulation worker
---------------------------------------------------------------------------------------------------
S.D. Indiana 1 Individual insulation worker
---------------------------------------------------------------------------------------------------
S.D. West Virginia 1 Individual insulation worker
---------------------------------------------------------------------------------------------------

warn the plaintiffs of these dangers; failed to provide adequate precautions, safety devices, or wearing apparel to prevent exposure; and/or failed to establish reasonable standards for exposure.
Pursuant to 28 U.S.C. § 1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel issued an order to show cause why all these actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.[4] All except one[5] of the 55 respondents to the Panel's order to show cause oppose transfer in this litigation. The primary arguments presented by the parties in opposition to transfer are the following:
(1) Many of the actions have been pending for several years and are well advanced in discovery. In several actions a discovery cutoff date or a trial date has been set. Transfer would merely delay the progress of discovery or the trial of those actions.
(2) In several districts, arrangements for voluntarily sharing the common aspects of discovery have been made among the parties to the actions pending within those districts. Transfer would cause unnecessary additional expenses which can be avoided by voluntary coordination of efforts among the parties.
(3) There is a lack of commonality among the parties in these actions.
(a) There is considerable variation in named defendants from action to action. No defendant or category of defendants is a party to all actions. Defendants include manufacturers of asbestos products, distributors of asbestos products, insurance companies, doctors, suppliers of raw asbestos fibers, trade associations, trade unions, and the United States of America.
(b) The plaintiffs are not a homogeneous group. They include insulation workers involved in the installation or removal of insulation products, workers in factories manufacturing asbestos products, co-workers, members of workers' families, and persons living in the proximity of asbestos manufacturing facilities.
(4) Although a common thread among these actions is exposure to some type of asbestos or asbestos product, the circumstances of exposure are predominantly individual to each action. The variables include the following:
(a) type of vocational exposure (e. g. miner, transporter, factory worker, or tradesman);
(b) products to which exposed;
(c) conditions of exposure;
(d) duration and intensity of exposure;
(e) safety precautions taken by the worker;
(f) medical, personal, employment, and family history of the worker over the long periods of exposure involved (up to 50 years).
Regarding the factory workers and tradesmen, the two basic types of vocational exposure involved, the exposure of factory workers was to 100% raw asbestos, while the exposure of tradesmen was to products which generally contain about 15% asbestos.
(5) The question of causation is an individual issue. Several different types of disorders are alleged, including asbestosis, lung cancer, peritoneal mesothelioma, mesothelioma of the lining of the stomach or gastric organs, cancer of the esophagus, cancer of the colon, and cancer of the rectum. The question of whether particular disorders may be attributable to exposure to a particular type of asbestos is a matter of dispute among medical authorities. Causation of an individual's disability by asbestos *910 exposure will necessarily be related to the individual factors of length, intensity, and type of vocational exposure, and to the physical characteristics of the person. A considerable amount of technical medical evidence such as diagnoses, x-rays and tissue microscopies will be involved in each action. This evidence is of an individual nature.
Significant differences in causation will exist between the factory worker actions and the tradesman actions. Medical and scientific knowledge concerning the two types of exposure is different. The tradesmen will have been exposed to a wider variety of asbestos products, and will need to prove which products caused their disabilities.
(6) The liability of each defendant in each action is predominantly an individual question. The variables will include the defendants' knowledge at a particular time of the health risks involved in exposure to asbestos, the adequacy of any product testing by the defendant manufacturers, the sufficiency of any warnings or directions for use of products, and the issue of assumption of risk by the plaintiffs. Other variables will include the materials used, the method of manufacture, and the period of production.
(7) Although a common aspect among these actions is the state of medical and scientific knowledge at a particular time regarding the health hazards posed by exposure to asbestos, this knowledge can be readily discerned from literature which is easily available in most medical libraries. The common need for this literature is therefore not a significant justification for transfer.
(8) Local issues will predominate in the discovery process. The medical, personnel, and product use records of each individual will be found locally. Liability in these actions will be based on state substantive law. As a result, transfer would not promote the parties' and witnesses' convenience regarding discovery.
(9) There is not a significant possibility of inconsistent or overlapping class action determinations since any certifiable class could include only those persons who were exposed to asbestos in a specific plant or in the service of a particular employer. The classes alleged to date are properly restricted, and do not overlap in any respect.
Although we recognize the existence of some common questions of fact among these actions, we find that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, the order to show cause is vacated.
The virtually unanimous opposition of the parties to transfer, though a very persuasive factor in our decision to deny transfer in this litigation, is not by itself determinative of the question of transfer under Section 1407. In an appropriate situation, the Panel has the power to order transfer in multidistrict litigation even if all parties are opposed to transfer.
We are, however, persuaded by the parties' arguments in this particular litigation. On the basis of the record before us, the only questions of fact common to all actions relate to the state of scientific and medical knowledge at different points in time concerning the risks of exposure to asbestos. The pertinent literature on this subject is readily available. See generally Borel v. Fibreboard Paper Products Corp., supra note 3, 493 F.2d at 1083-86. Many factual questions unique to each action or to a group of actions already pending in a single district clearly predominate, and therefore transfer is unwarranted. See In re Fotomat Franchisee Litigation, 394 F.Supp. 798, 799 (Jud.Pan.Mult.Lit.1975). Furthermore, many of these actions already are well advanced. Some of the actions have been pending for up to four years, and trial dates or discovery cutoff dates have been set in several actions. Under these circumstances, transfer would not further the purposes of Section 1407. See In re Braniff Airways, Inc. Employment Practices Litigation, 411 F.Supp. 798, 800 (Jud.Pan.Mult.Lit.1976).
IT IS THEREFORE ORDERED that the order to show cause regarding the actions *911 listed on the following Schedule A be, and the same hereby is, vacated.

 SCHEDULE A
 Northern District of Ohio
Evelyn Roderman, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C72-390
Betty Sedlock, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C72-395
Rose Ann Ricci, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C72-507
Mary C. Kearns, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C73-70
Mary Muntean, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C73-199
Elmer J. Measor v. Combustion Engineering, Civil Action No.
Inc., et al. C73-238
John P. Burke v. Combustion Engineering, Civil Action No.
Inc., et al. C73-239
James E. McLaughlin v. Combustion Civil Action No.
Engineering, Inc., et al. C74-923
James P. McGinnis v. Combustion Civil Action No.
Engineering, Inc., et al. C74-1077
Nellie V. Breedlove, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C74-1130
Mary Rita McNeeley, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C75-74
Reba Darlene Chaddock, etc. v. Civil Action No.
Combustion Engineering, Inc., et al. C75-102
Elbert H. Steele v. Combustion Engineering, Civil Action No.
Inc., et al. C75-359
Harry T. McLaughlin v. Combustion Civil Action No.
Engineering, Inc., et al. C75-377
Robert J. Harter v. Combustion Engineering, Civil Action No.
Inc., et al. C75-452
Kenneth J. Murphy v. Combustion Civil Action No.
Engineering, Inc., et al. C75-453
Roy E. Mellott v. Johns-Manville Civil Action No.
Products Corp., et al. C75-1058
Wilfred R. Baumgartner v. Combustion Civil Action No.
Engineering, Inc., et al. C75-1057
Jesse Ellender Starnes, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. C76-46
John McKimmie v. Combustion Engineering, Civil Action No.
Inc., et al. C76-180
Frank R. Allore v. Combustion Engineering, Civil Action No.
et al. C76-447
Billy Joe Starnes v. Combustion Civil Action No.
Engineering, et al. C76-882
Earl Jackson Grice v. Combustion Civil Action No.
Engineering, et al. C76-883
 Southern District of Texas
Claude A. Dunn v. Johns-Manville Civil Action No.
International Corp., et al. 73-H-1072
William D. Luker, Sr., et al. v. Civil Action No.
Johns-Manville International Corp., 75-H-342
et al.
Olga Ann Strickland, et al. v. Johns-Manville Civil Action No.
International Corp., et al. 75-H-492
F. W. Farrar v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-862
E. A. Kyburz, Jr. v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-863
R. L. Dickey v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-864
F. Wesberry v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-865
E. B. Byerly v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-866
V. P. Viator v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-867
A. J. Gaspard v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-868
J. B. Freeman v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-869
A. J. Burke, Jr. v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-870
S. Trahan v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-905
H. J. Plitt v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-906
H. P. Kirchner v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-1634
J. F. Holton v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et al. 75-H-1635
James J. Rosenquest v. Standard Civil Action No.
Asbestos Manf. & Insulating Co., 76-H-115
et al.
John R. Wesberry v. Standard Asbestos Civil Action No.
Manf. & Insulating Co., et 76-H-116
al.
Clarence Simpson v. Owens Corning Civil Action No.
Fibreglas, et al. 76-H-1499
Ruby Stancil, et al. v. Southern Civil Action No.
Asbestos Co., et al. 74-H-1069
 District of Connecticut
Sammie L. Gray, etc. v. General Civil Action No.
Dynamics Corp., et al. H75-327
Nicholas J. Gencarelle v. Johns-Manville Civil Action No.
Corp., et al. H76-53
Robert N. Ward v. Johns-Manville Civil Action No.
Corp., et al. H76-54
Allen D. Eleazer v. Johns-Manville Civil Action No.
Corp., et al. H76-55
Albert J. Demers v. Johns-Manville Civil Action No.
Corp., et al. H76-56
Harry E. Sjostrom v. Johns-Manville Civil Action No.
Corp., et al. H76-57
Edward C. Duzant v. Johns-Manville Civil Action No.
Corp., et al. H76-58
Charles C. Keeler v. Johns-Manville Civil Action No.
Corp., et al. H76-59
Henrietta C. Brown, etc. v. Johns-Manville Civil Action No.
Corp., et al. H76-60
Bennie L. Glover v. Johns-Manville Civil Action No.
Corp., et al. H76-61
Kim A. Brown v. General Dynamics Civil Action No.
Corp., et al. H76-325
Vivian L. Ridenour, etc. v. Johns-Manville Civil Action No.
Corp., et al. H76-326
Frederick Paul v. Johns-Manville Civil Action No.
Corp., et al. H76-332

*912
Omar Allvord v. Johns-Manville Civil Action No.
Corp., et al. H76-333
Edwin W. C. King v. Johns-Manville Civil Action No.
Corp., et al. H76-337
George W. Poole v. Johns-Manville Civil Action No.
Corp., et al. H76-338
 Eastern District of Texas
Elizabeth Matthews, et al. v. Fibreboard Civil Action No.
Paper Products Corp. B073-309-CA
Herman Yandle, et al. v. PPG Industries, Civil Action No.
Inc., et al. TY-74-3-CA
Lester Kay v. PPG Industries, Inc., Civil Action No.
et al. TY-74-13-CA
Corney Jeane v. Fibreboard Corp., Civil Action No.
et al. B-74-337-CA
William B. McNeece, Jr., et al. v. Civil Action No.
United States of America TY-75-22-CA
Howard W. Boyd v. Owens-Corning Civil Action No.
Fibreglas Corp., et al. S-75-58-CA
Sam Dolce v. Fibreboard Paper Civil Action No.
Corp., et al. B-75-191-CA
Edward J. Palermo v. Fibreboard Civil Action No.
Paper Products Corp., et al. B-75-192-CA
Claude J. Talbot v. Fibreboard Paper Civil Action No.
Products Corp., et al. B-75-391-CA
Preston A. Vice v. Fibreboard Corp., Civil Action No.
et al. B-76-115-CA
A. E. Condray v. Fibreboard Corp., Civil Action No.
et al. B-76-108-CA
Clifton C. Corkran v. Fibreboard Civil Action No.
Corp., et al. B-76-128-CA
 District of South Carolina
Donald Brown Clarry v. Combustion Civil Action No.
Engineering, et al. 76-1162
Wayne B. Duncan v. Combustion Civil Action No.
Engineering, et al. 76-1249
Margaret F. Taylor v. Combustion Civil Action No.
Engineering, et al. 76-1247
Sara M. Taylor v. Combustion Engineering, Civil Action No.
et al. 76-1241
Robert W. Quattelbaum v. Combustion Civil Action No.
Engineering, et al. 76-1239
Bobby R. Taylor v. Combustion Engineering, Civil Action No.
et al. 76-1210
Harold Lee Taylor v. Combustion Civil Action No.
Engineering, et al. 76-1208
 District of New Jersey
Charlie Lee Austin, et al. v. Bell Civil Action No.
Asbestos Mines Co., et al. 75-754
Catherine Mesaros, etc. v. Johns-Manville Civil Action No.
Corp., et al. 75-1049
Lonzo Murray, et al. v. Bell's Asbestos, Civil Action No.
et al. 75-1475
Lillian Cicero, etc. v. Johns-Manville Civil Action No.
Products Corp., et al. 76-1488
Jennie Consalvo, etc. v. Johns-Manville Civil Action No.
Products Corp. 75-1641
John Argeskie, et al. v. Johns-Manville Civil Action No.
Products Corp., et al. 76-735
 Southern District of Florida
Evellio Lopez, et al. v. Armstrong Civil Action No.
Cork Co., et al. 75-1365-Civ-JLK
Charles Bender v. Armstrong Cork Civil Action No.
Co., et al. 75-2578-Civ-JLK
Moses Joyner v. Armstrong Cork Civil Action No.
Co., et al. 75-2581-Civ-JLK
Ruth Strange Hutson, etc. v. Armstrong Civil Action No.
Cork Co., et al. 76-53-Civ-JLK
 Eastern District of Illinois
Emma Ryder, etc. v. Johns-Manville Civil Action No.
Products Corp. 763110
Hattie Phelps, etc. v. Combustion Civil Action No.
Engineering Inc., et al. 764012
 Eastern District of Michigan
Thelma E. Carr, etc. v. Combustion Civil Action No.
Engineering Inc., et al. 75-72332
Wayne Johnson v. Johns-Manville Civil Action No.
Products Corp. 670876
 District of Montana
Raymond Burownes v. Johns-Manville Civil Action No.
Products Corp. CV-76-0060-BLG
Norman Nicholas v. Johns-Manville Civil Action No.
Products Corp. CV-76-91-BLG
 Eastern District of Tennessee
Jakie R. Starnes, et al. v. Combustion Civil Action No.
Engineering, Inc., et al. 75-122
 Western District of Pennsylvania
Richard Giese, et al. v. Raybestos Civil Action No.
Manhatten, Inc. 75-1385
 Eastern District of Pennsylvania
Richard J. Pastor, etc. v. Johns-Manville Civil Action No.
Corp., et al. 75-3282
 Eastern District of Missouri
Joseph Tretter v. Johns-Manville Civil Action No.
Corp., et al. 76-86C(1)
 Eastern District of Louisiana
Clifton W. Jones, Sr. v. W. R. Goodwin, Civil Action No.
etc., et al. 75-2165 Sec. G
 District of Rhode Island
Doris A. Graham, etc. v. Johns-Manville Civil Action No.
Corp., et al. 76-0090
 Southern District of Indiana
Elizabeth J. Hallinan, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. EV75-25-C
 District of Maryland
Gordon C. Muylert, etc. v. Atlas Civil Action No.
Asbestos Corp. N76-1339
 Southern District of West Virginia
Fannie Wilks, etc. v. Combustion Civil Action No.
Engineering, Inc., et al. 75-0023-H

NOTES
[1] The specific type of vocational exposure alleged in each action or group of actions is as follows:

 Actions
 District Involved Type of Vocational Exposure 
S.D. Texas 19 Individual tradesmeninsulation workers using a
 variety of asbestos products over the course of up to
 40 years
 1 Weaver in textile mill producing fabrics from asbestos
 fibers
----------------------------------------------------------------------------------------------------
E.D. Texas 9 Individual tradesmeninsulation workers using a
 variety of insulation products over the course of up
 to 50 years
 3 Employees at PPG Plant in Tyler, Texas producing
 asbestos products
---------------------------------------------------------------------------------------------------------
N.D. Ohio 23 Individual tradesmenmechanics exposed to asbestos
 and asbestos insulation materials over periods of
 up to 40 years.
----------------------------------------------------------------------------------------------------------
D. Connecticut 16 Employees working as or with pipelaggers in boat
 construction and repair yard of General Dynamics
 Corp.
----------------------------------------------------------------------------------------------------------
D. New Jersey 2 Purported class actions on behalf of 2500 workers
 at a now defunct Raybestos-Manhattan plant in
 Passaic, N.J., which manufactured asbestos products

[2] In addition, Johns-Manville reports that it is a defendant in 73 state court actions arising from exposure to asbestos.
[3] A discussion of the state of medical and scientific knowledge relating to the risks associated with exposure to asbestos in an occupational context may be found in Borel v. Fibreboard Paper Products Corp., 493 F.2d 1076, 1083-86 (5th Cir. 1973).
[4] Since the Panel hearing on this matter, the Panel has been advised that additional actions involving asbestos have been filed.
[5] That party, Defense Apparel, Inc., a defendant in two actions, merely withdrew a previously-expressed opposition to transfer; it did not present any arguments in favor of transfer.